IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:13-CV-124-FL

| | |
|---|---|
| DON BRADLEY WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ENHANCED RECOVERY ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for summary judgment, made pursuant to Federal Rule of Civil Procedure 56. (DE 18). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons stated more specifically herein, defendant's motion is granted in part and denied in part.

**STATEMENT OF THE CASE**

On May 8, 2013, plaintiff filed suit in the Bladen County, North Carolina, Superior Court, alleging causes of action under various state and federal statutes, including the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58–70–90 through § 58–70–125; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §. 201 et seq. (Notice of Removal, DE 1, 8). In the complaint, as framed by the exhibits annexed thereto, plaintiff alleges defendant violated these various statutes by calling mobile phone number (919) 285-9647 (the "'9647 number"). (Notice of Removal 14).

On June 12, 2013, defendant removed the case to this court, pursuant to 28 U.S.C. § 1441, invoking the court's subject matter jurisdiction under 28 U.S.C. § 1331. After a period of

discovery, defendant filed the instant motion for summary judgment. Defendant contends that plaintiff lacks standing to bring suit under all three statutes because he suffered no injury-in-fact in the form of economic damages. In addition, defendant contends that plaintiff has adduced no evidence of calls made by defendant to the '9647 number referenced in the pleadings, but, rather, that all evidence points to defendant calling a different number, (919) 753-4712 (the "'4712 number").

Defendant also contests plaintiff's claims on the merits. Defendant contends that plaintiff's TCPA claim must fail because defendant did not use an "automatic telephone dialing system" ("ATDS"), as that term is defined by the TCPA, 47 U.S.C. § 227(a)(1), or, in any event, that it is entitled to partial summary judgment where its calls merely were negligent rather than willful or intentional violations of the statute. Defendant further argues that plaintiff's NCCAA claim fails because he is not a "consumer" as that term is used for purposes of that statute and that plaintiff's FDCPA claim fails because any call to plaintiff was the result of a bona fide error. In support of its motion for summary judgment defendant relies on various affidavits, (Affidavit of Andrew Michael, Manager of defendant's "Dialer and Inventory Management Team" ("Michael Aff."), DE 22-3; Affidavit of Jason Davis, defendant's Vice President for Compliance ("Davis Aff."), DE 22-4; Affidavit of Shelly Neasham, an employee of Sprint Corp., provided in response to a subpoena for ("Neasham Aff."), DE 22-5), as well as certain of plaintiff's discovery responses (Pl.'s Answers to Def.'s First Interrog., DE 22-1; Pl.'s Resp. to Def.'s Request for Prod., DE 22-2).

After defendant filed its motion for summary judgment, it also filed a motion to stay these proceedings pending the outcome of certain petitions before the Federal Communications Commission ("FCC"), which, defendant contended, might affect plaintiff's TCPA claim. Later,

plaintiff responded and consented to defendant's motion to stay. On May 14, 2014, the court entered order staying this matter pending resolution of the petitions pending before the FCC. Over one year later, on July 22, 2015, after the FCC's address of the petitions, and after the parties confirmed that in their view the FCC's decision had no impact on the outcome of this case, the court entered order lifting the stay and setting a time line for address of defendant's pending motion for summary judgment.

On August 19, 2015, plaintiff filed his response to defendant's motion. Plaintiff consents to defendant's motion for summary judgment on his NCCAA and FDCPA claims and concedes that those statutes offer him no relief. With regard to his TCPA claim, plaintiff contends that the statutory damages available under the statute, 47 U.S.C. § 227(b)(3)(B) (allowing recovery of actual monetary loss, or $500.00, whichever is greater), are sufficient to create an injury-in-fact. In addition, plaintiff argues that his failure to plead the '4712 number is of no moment, because the evidence demonstrates that defendant still called that number without plaintiff's express permission. Finally, plaintiff argues that defendant used an ATDS because, even though the hardware used by defendant presently was not used as an ATDS, the hardware had the capacity to be used as such a device. In support of his opposition to defendant's motion, plaintiff relies on certain discovery responses provided to defendant by him. (Discovery Responses, DE 33-1).

On September 8, 2015, defendant replied to plaintiff's response. Defendant maintains its argument that plaintiff lacks standing to bring this case, because he has suffered no injury-in-fact. In addition, defendant contends that no evidence or law cited by plaintiff raises an issue of fact as to whether defendant employed an ATDS.

3

## STATEMENT OF FACTS

The factual background provided by the parties, at best, is unclear. As gleaned from all the documents in the record, defendant, a debt collection company, placed a number of phone calls to the '4712 number. (Notice of Removal 14; see also Discovery Responses 16). Defendant made the calls at issue in the course of its debt collection practices. To make the calls, defendant employed a two-step process. (Michael Aff.¶3). First, defendant used certain software to build a list of calls to be made from a list of accounts that previously have been referred to defendant for collection. (Id.). The software only generated a to-be-called list from numbers contained in defendant's system. (Id.). This list then was transferred electronically to defendant's dialing system, which placed call on behalf of defendant's employees. (Id.). The numbers called were limited to those on the list generated from defendant's records. (See id.). The lists created by the software were not random, nor are they sequential and the dialing system used does not possess the capability to randomly generate numbers. (Id. ¶¶4, 6). As the system currently is used, the calls placed by the dialing system are dependent on the list provided to it by the software. (Id.).

On April 11, 2013, plaintiff, through counsel, submitted to defendant a "cease communication" letter, wherein plaintiff demanded defendant cease communication with the '9647 number. (Notice of Removal 14). Upon receipt of the cease communication letter, defendant's employees, in conformity with defendant's corporate policy, immediately searched its system in an effort to place the '9647 number on defendant's internal "do not call" list. (Davis Aff. ¶¶4–5). However, defendant was unable to locate any account tied to the '9647 number, because it had never placed a call to such number. (Id.; seel also Michael Aff. ¶7). On May 31, 2013, defendant informed plaintiff, through counsel, that it had no record of the '9647 number. (¶6). In response,

4

plaintiff's counsel confirmed the '9647 number to be the number at issue. (Id.). Defendant investigated the number a second time, again informing plaintiff, through counsel, that no such number existed in its system. (See id.).

In February 2014, during the conduct of discovery, defendant discovered for the first time that plaintiff's cause of action also was based in calls made by defendant to the '4712 number. (Id. ¶7). Immediately after learning of plaintiff's claim grounded in the '4712 number, defendant took efforts to cease all calls to that number. (Id.). Upon further investigation, defendant learned that the '4712 number had been provided to defendant by its client. (Id. ¶8). Regardless of the number used, plaintiff did not lose any cellular minutes, or have to pay for extra cellular minutes, as a result of defendant's calls. (Discovery Responses 15).

## COURT'S DISCUSSION

A.   Standard of Review

1.  Rule 12(b)(1)

Where defendant challenges plaintiff's standing, its motion properly is considered as one made pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss for lack of subject matter jurisdiction. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which

5

subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The non-moving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

  2. Summary Judgment

In remaining part, defendant's motion properly is considered as one for summary judgment. Summary judgment is appropriate where an examination of the pleadings, affidavits, and other discovery materials properly before the court demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). When faced with cross-motions for summary judgment, the court must ask "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251; see also Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) ("[T]he court must review each motion separately on its own merits to determine whether

6

either of the parties deserves judgment as a matter of law.") (internal citations and quotations omitted).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S.654, 655 (1962).

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

7

B. Analysis

1. Justiciability

Defendant contends plaintiff lacks standing to sue under the TCPA, where plaintiff admits to suffering no monetary damages as a result of defendant's calls. Specifically, defendant contends plaintiff lacks Article III standing because he has suffered no injury in fact. Plaintiff, by contrast, argues that he has suffered "damages" in the amount conferred by the TCPA's statutory damages provision, and thus that his claim does, in fact, present a justiciable controversy.

Statutory standing and Article III standing are legally distinct concepts, and the violation of a statute does not automatically vest in the plaintiff standing to sue. See David v. Alphin, 704 F.3d 327, 338–39 (4th Cir. 2013). To satisfy Article III's standing requirement, plaintiff must show 1) he has suffered an injury-in-fact; 2) that injury fairly is traceable to the challenged action of defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000); Bush v. Nat'l Union Fire Ins. Co., __ F. Supp. 3d __, 2015 WL 5042874, at *6 (E.D.N.C. 2015). At issue here is the first element, injury in fact. An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Under the TCPA, and as relevant to this case, an injury-in-fact may be established where owner of the telephone number, suing as plaintiff, demonstrates that he or she lost the use of his or her cellular telephone. See Palm Beach Golf Center v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1250–51 (11th Cir. 2015) (owner of facsimile machine has Article III standing to sue where he loses use of that machine); Fini v. Dish Network, L.L.C., 955 F. Supp. 2d 1288, 1296–97 (M.D. Fla. 2013)

8

(plaintiff has standing to sue where she lost use of cellular service for which she previously had paid); see also ASARCO Inc. v. Kadish, 490 U.S. 605, 616 (1989) (noting plaintiff may establish standing for non-economic injury). Accordingly, it is of no moment plaintiff suffered no specific economic harm, as long as he suffered some tangible harm, such as the use of his phone for a period of time.

Although defendant pursues its standing argument no further than plaintiff's lack of economic injury, the court still is under an independent obligation to examine its subject matter jurisdiction, including plaintiff's standing. See Bush, 2015 WL 5042874, at *10. In the case at bar, where there are two phone numbers at issue, the court must determine whether plaintiff has standing to sue. To do so, the court must examine whether plaintiff lost use of his mobile phone as to none, one, or both numbers at issue.

Turning first to the '4712 number, there is no evidence of record showing that plaintiff received any calls at this number, thus failing to show an injury-in-fact. In support of its motion, defendant submitted an affidavit, provided by Sprint, addressing inbound calls for both numbers. That affidavit, in the form on the record, contains no evidence of any calls to the '4712 number. (Neasham Aff. 3). Plaintiff submits nothing to suggest any calls was made to the '4712 number beyond his various interrogatory responses. These allegations, without actual evidence of calls being made to the '4712 number, are insufficient to withstand defendant's motion to dismiss for lack of subject matter jurisdiction. Richmond R. Co., 945 F.2d at 768. Although there is evidence showing defendant called the '4712 number, there is no evidence that the number belonged to plaintiff at the time such calls were received. The same result follows with regard to the '9647 number. Defendant made no calls to that number. (Davis Aff. ¶5). Although the telephone records

9

submitted by defendant indicate that some calls were made to that number, none of the dates and times of the calls listed therein correspond with the dates and times alleged in the complaint. (Compare Neasham Aff. 3, with Notice of Removal 12). Plaintiff has submitted no additional evidence showing additional calls made by defendant. Accordingly, plaintiff lacks standing to sue for either claim.

      2.      Amendment of the Pleadings

Defendant argues that, even if plaintiff has standing to sue, plaintiff should not be allowed to pursue his claim as it relates to the '4712 number, because that number was not referenced in the pleadings. In response, plaintiff contends that defendant's quarrels as to the accuracy of the pleadings is a red herring. Plaintiff argues that defendant called the '4712 number without his express permission and thus may be liable notwithstanding the content of the pleadings.

Throughout the complaint, plaintiff alleges defendant called his mobile phone number, without specific reference to that number. However, annexed to the complaint is a cease communication letter, dated April 11, 2013, and addressed to defendant, wherein plaintiff represents to defendant that his mobile phone number is the '9647 number. (Notice of Removal 14). Nowhere else in the complaint does plaintiff reference a mobile phone number.

Exhibits attached to the complaint are incorporated therein and become a part of the pleadings for all purposes. Fed. R. Civ. P. 10. The manner in which a plaintiff chooses to plead his or her assorted claims is not mere window dressing, intended for stylistic or aesthetic purposes only. Rather, the content of the pleadings has a substantive effect, which serves a dual purpose. First, the pleadings assure that the defendant is given adequate notice of the claims made against him. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citing 5 Charles Alan Wright et al., Fed. Prac. &

10

Procedure § 1202 (3d ed. 1998 & Supp. 2004)).  Second, the pleadings define the issues for trial.  Id.  Where plaintiff's complaint references a single mobile phone number, and where the exhibit attached to the complaint again referenced a single number, plaintiff cannot now argue that his complaint is so broad as to encompass all phone numbers that are now, or at any time in the past were registered to his name.

Where plaintiff has failed to plead a cause of action related to the '4712 number, he may not now present evidence relevant to any claims arising from defendant's alleged calls to it.  A case may not proceed to trial on an unpleaded theory of relief, without consent of the parties, either express or implied.  United States v. Cochran, 79 F. Supp. 3d 578, 583 (E.D.N.C. 2015).  Consent may be implied where the opposing party addresses the issue in its briefing on summary judgment.  Id. at 583–84.  Here, where defendant specifically has objected to the inclusion of any claim related to the '4712 number, the court cannot consider the complaint constructively amended.  Accordingly, even if plaintiff does have standing to sue for improper calls to the '4712 number, he has failed to plead such a claim and may pursue it no further.

## CONCLUSION

Based on the foregoing, the court holds as follows: The court CONSTRUES defendant's motion for summary judgment mounting an attack on plaintiff's standing to sue as one to dismiss for lack of subject matter jurisdiction, made pursuant to Federal Rule of Civil Procedure 12(b)(1).  That motion, (DE 18), is GRANTED.  In addition, even if plaintiff had standing to sue for violations of the TCPA grounded in defendant's calls to the '4712 number, plaintiff could not pursue such claims as he has failed to plead them.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of September, 2015.

LOUISE W. FLANAGAN
United States District Judge